UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDUARDO ABAD,<br>Defendant. | Case No. 12-cr-00054-JSW-4<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 324 |

This matter comes before the Court upon consideration of the motion to dismiss the Superseding Indictment, filed by Defendant Eduardo Abad ("Abad").[1] (Docket No. 324.) The Court has reviewed the Government's opposition, and it concludes that a reply is not necessary. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY DENIES the motion to dismiss.

**BACKGROUND**

In Count One of the Superseding Indictment, the Government alleges that Abad

> did knowingly conspire and agree with [his co-defendants] to execute, and to attempt to execute a material scheme and artifice to (1) defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), namely, Medicare, and (2) to obtain, by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody and control of Medicare, all in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

(Docket No. 249, Superseding Indictment ¶ 21.)

In Count Two, the Government alleges that Abad

---

[1] Defendant Mele Saavedra filed a joinder in this motion. (Docket No. 333.) However, on October 21, 2013, she withdrew her joinder after she entered a guilty plea.

> did willfully and knowingly conspire and agree to commit an offense against the United States by knowingly and willfully soliciting, receiving, offering, and paying remuneration, specifically cash kickbacks, directly and indirectly, overtly and covertly, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by a federal health care program, namely Medicare, in violation of 42 U.SC. 1320a-7b(b)(1)(A) and 42 U.S.C. § 1320a-7b(b)(2)(A).

(*Id.* ¶ 23.)

Abad moves to dismiss the Superseding Indictment on the basis that it is multiplicitous and that, as a matter of law, he cannot be held liable on Count Two. The Court addresses each argument in turn.

## ANALYSIS

**A.  The Indictment is Not Multiplicitous.**

Abad argues that the Superseding Indictment is multiplicitous, because the Government has split a single criminal conspiracy into multiple counts. "'The Double Jeopardy Clause prohibits the imposition of multiple trials, convictions and punishments for the same offense.'" *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005) (quoting *United States v. Arlt*, 252 F.3d 1032, 1035 (9th Cir. 2001) (en banc)). In *Arlt*, the Ninth Circuit held that "a defendant may be tried and convicted under both the general conspiracy statute and a specific conspiracy statute when the substantive offense that is charged as the object of the [Section] 371 conspiracy and the substantive offense that is the object of the other charged conspiracy are different." *Arlt*, 252 F.3d at 1034.

In order to determine whether an indictment charging two conspiracies is multiplicitous, the court "first consider[s] the elements of the specific offense that the defendant is alleged to have conspired to commit." *Kimbrew*, 406 F.3d at 1151. The Court then applies the test set forth *Blockburger v. United States*, 284 U.S. 299 (1932) "to the two conspiracy counts to determine whether each provision requires proof of an additional fact which the other does not." *Id.* (internal citations and quotations omitted); *see also Blockburger*, 284 U.S. at 308 ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of

2

a fact which the other does not"). The Court's analysis must focus on the "statutory elements of each offense, not on the actual evidence presented at trial." *Kimbrew*, 406 F.3d at 1151.

In the *Kimbrew* case, the defendant was charged with one count of conspiring to commit mail and wire fraud, in violation of 18 U.S.C. Section 1349. He also was charged with one count of conspiring to launder money in violation of 18 U.S.C Section 1956(h). The Ninth Circuit rejected the defendant's claim that his conviction on both counts violated the Double Jeopardy Clause, because although "both conspiracies concerned the same underlying fraud," in order to convict on the first count, the jury had to find the defendant agreed to "use the mail or interstate wire communications to execute the scheme to defraud." *Id.* at 1152. In order to convict defendant on the second count, the jury had to find he agreed "to conduct a financial transaction involving the proceeds of mail or wire fraud." *Id.* The indictment was not multiplicitous, and defendant's conviction did not violate the Double Jeopardy Clause, because "the acts necessary to establish a conspiracy to commit mail and wire fraud will not necessarily also support a conviction or conspiracy to launder money, or vice versa." *Id.* at 1152.

In support of his argument, Abad relies heavily on *United States v. Sanchez-Lopez*, 879 F.2d 541 (9th Cir. 1989) and *United States v. Peacock*, 761 F.2d 1313 (9th Cir. 1985). In *Peacock*, the Ninth Circuit did state that "[t]he Government may not divide a single conspiracy into multiple ones, and hence several conspiracies, merely because the agreement contemplates the violation of multiple statutes." *Peacock*, 761 F.2d at 1319; *see also Sanchez-Lopez*, 879 F.2d at 549. However, unlike this case, the defendants in those cases were charged with multiple conspiracies under a single conspiracy statute. In addition, the defendants were charged with violating the "same underlying statute." *Id.* For these reasons, the Court finds Abad's reliance on these cases misplaced.

In this case, as in the *Kimbrew* and *Arlt* cases, and unlike the *Sanchez-Lopez* and *Peacock* cases, Abad is charged with conspiracy under two separate statutes and with alleged violations of different underlying statutes. Under the Section 1349 conspiracy, he is charged with conspiracy to commit health care fraud in violation of Section 1347. In contrast, in the Section 371 conspiracy, he is charged with conspiring to solicit and receive kickbacks in violation of 42 U.S.C. Section

3

1320a-7b(b)(1)(A) and 42 U.S.C. Section 1320a-7b(b)(2)(A). The Court concludes that, as in the *Kimbrew* case, although the conspiracies may concern the "same underlying fraud, the conspiracies [are] legally distinct and each require[] proof of something the other [does] not." *Kimbrew*, 406 F.3d at 1152.

In this case, in order to convict Abad under Count 1, the jury must find that he agreed to defraud Medicare or obtain, by means of materially false and fraudulent pretenses, representations and promises money owned by and under the custody and control of Medicare in connection with the delivery or and payment for health care benefits, items and services. In contrast, in order to convict Abad under Count 2 in this case, the jury must find he agreed to solicit or receive cash kickbacks in return for referring an individual to a person for the furnishing and arranging for the furnishing of an item or service for which payment may be made in whole or in part by Medicare. Although there may be some overlap in evidence, the "acts necessary to establish a conspiracy to commit [health care fraud] will not necessarily also support a conviction for conspiracy" to violate the anti-kickback statute "or vice versa." *Kimbrew*, 406 F.3d at 1152; *but see United States v. Ogba*, 526 F.3d 214, 234 (5th Cir. 2008) (in general, violation of Section 1347 and violation of anti-kickback statute require proof of additional fact that the other does not, but finding that, as tried and submitted to jury, defendant's conviction under both statutes violated Double Jeopardy Clause).

Accordingly, the Court DENIES the motion to dismiss in part on this basis.

**B.    Abad Can Be Held Liable on Count Two.**

Abad also moves to dismiss Count Two on the basis that he "does not have a contractual relationship with any person covered by the Medicare laws and the anti-kickback legislation," does not apply to him. (Mot. at 4:9-11.) The Court also finds this argument unpersuasive.

First, Abad is charged with conspiracy to violate the anti-kickback statute, rather than a substantive violation of the statute. For that reason, the Court finds Abad's reliance on *United States ex rel. Perales v. St. Margaret's Hospital*, 243 F. Supp. 2d 843 (C.D. Ill. 2003) to be misplaced.

Second, even though Abad is not charged with a substantive violation of the anti-kickback

statute, by its terms, that statute applies to "*whoever* knowingly and willfully" solicits, receives, offers or pays remuneration for specified purposes. 42 U.S.C. §§ 1320a-7(b)(1)(A), 1320a-7b(2)(A) (emphasis added). It is not limited, as Abad argues, to physicians or other health care professionals. *Cf. United States v. Krikheli*, 2009 WL 4110306, at *4-*6 (E.D.N.Y. Nov. 24, 2009) (rejecting defendants' argument that anti-kickback statute "can only be violated when payments are made or offered to a decision-maker").

Finally, Abad's reliance on OIG Advisory Opinion No. 10-05 also is misplaced. That opinion is limited to its facts, and expressly states that it "has no application to, and cannot be relied upon by, any other individual or entity." (Mot., Ex. A at 6.) In addition, the opinion states that "the Proposed Arrangement would have no impact on any health care professional's decision to order a health care item or service or to refer a patient to a particular practitioner, provider, or supplier." (*Id.*) In contrast, in this case the Government alleges that Abad and his co-defendants conspired to recruit Medicare beneficiaries for the sole purpose of having Medicare pay for power wheelchairs and other durable medical equipment.

Accordingly, the Court DENIES Abad's motion to dismiss.

**IT IS SO ORDERED.**

Dated: October 21, 2013

_____
JEFFREY S. WHITE
United States District Judge